

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 15, 2026

**By ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Walczak v. U.S. Department of Justice*, 25-Civ. 7741 (PAE)

Dear Judge Engelmayer:

  This Office represents defendants the United States Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI", together with DOJ the "Government") in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action brought by plaintiff Jonathan Walczak, represented by Loevy & Loevy Attorneys at Law, related to a FOIA request he submitted to the Federal Bureau of Investigations ("FBI"). The parties respectfully submit this joint letter pursuant to the Court's December 23, 2025, Order, ECF No. 16. The initial pretrial conference in this matter is currently scheduled to be held at 10:00 AM on January 21, 2026. The parties respectfully propose that the initial pretrial conference be adjourned if this letter sufficiently addresses the present issues in this case.

  On September 18, 2025, Plaintiff filed his complaint initiating this action. ECF No. 1. This action relates to a July 9, 2025, FOIA request that Plaintiff submitted to the FBI seeking "photos developed by the FBI from a disposable camera recovered by the FBI from the rubble of the World Trade Center after the September 11, 2011, terrorist attacks." The FOIA request further asserts that "[i]n 2003, Donald Schtleben, a supervisory special agent with the FBI's Explosives Unit, showed the photos to then-Baltimore Sun reporter Laura Sullivan, who reported their existence in a December article titled FBI team puts together pieces from scenes of terror bombings." *See* ECF No. 1-1 (FOIA request).

  On July 14, 2025, FBI denied the FOIA request in full explaining that the request was not searchable in the FBI's indices and that the FBI Central Records system is not arranged in a matter that allows for the retrieval of information in the form that Plaintiff had requested. *See* ECF NO. 1-2 (July 14, 2025 FBI response). On July 15, 2025, Plaintiff administratively appealed the response. *See* ECF No. 1-3. On September 18, 2025, Plaintiff filed this complaint. The following day, on September 19, 2025, the DOJ Office of Information Policy ("OIP") administratively affirmed FBI's response to the FOIA request. The Government filed an answer in this action on December 12, 2025. ECF No. 15.

  Since the filing of this action, the Government has further inquired with the FBI New York Field Office ("NYFO") about the feasibility of a search for the requested records. The Government reports that the NYFO likewise indicated that a search for the photos is not possible for a variety

of reasons, including the manner in which evidence is indexed and the fact any photos that could be located would not be labeled in any way that would identify them as being from this specific camera or having been shown to a specific reporter. The Government reports that the FBI agent identified in the FOIA Request is no longer with the FBI. The Government further reports that even if the photos could be located and identified as responsive, they would likely be subject to withholding under FOIA Exemption 7(A) as records compiled for law enforcement purposes due to the pending Military Trial against defendants who plotted and supported the 9/11 terrorist attacks.

The parties have agreed that this matter should be resolved by cross-motions for summary judgment, and propose the following briefing schedule:

> Government's motion for summary judgment due: **April 15, 2026**
>
> Plaintiff's cross motion for summary judgment and opposition due: **May 6, 2025**
>
> Government's opposition and reply brief due: **May 27, 2026**
>
> Plaintiff's reply due: **June 10, 2026**

The parties do not believe that settlement is possible at this time.

As this is a FOIA action, this action is exempt from the mandatory scheduling order required by Fed. R. Civ. P. 16(b), *see* S.D.N.Y. Local Civil Rule 16.1, and the parties anticipate that any legal issues will be resolved through cross-motions for summary judgment without discovery. *See, e.g., Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812-13 (2d Cir. 1994). Accordingly, the parties respectfully request that they not be required to submit the proposed case management plan and scheduling order called for in the Court's Order, particularly in light of the proposed summary judgment briefing schedule proposed herein.

The parties provide herein their response to paragraph 1 of the Court's model Civil Case Management Plan and Scheduling Order:

> All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

The parties thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s/ Dominika Tarczynska
DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chamber Street, 3rd Floor
New York, NY 10007
(212) 637-2748

Dominika.Tarczynska@usdoj.gov
*Counsel for Defendants*

- and –

<u>/s/ Stephen Stich Match</u>
Matthew Topic, *to be admitted pro hac vice*
Stephen Stich Match, NYSD. Bar No. 5567854
Merrick Wayne, *to be admitted pro hac vice*
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Attorneys for Plaintiff

The Court will take up counsel's proposed summary judgment briefing schedule at the initial conference scheduled for January 21, 2026. Counsel need not submit a proposed case management plan in advance of that conference.

SO ORDERED.

Date:  January 16, 2026
        New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge